■ In the Matter of the Claim of CHARLES J. WHITMORE, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 31, 1975 which reversed a referee's decision in favor of claimant and sustained the initial determination of the Industrial Commissioner that the claimant had lost his employment because of misconduct. The board found that one week before his termination from employment on November 23, 1974, the claimant was told by his employer's steward that he would have to work on Thanksgiving, November 28, 1974. It further found that day was claimant's day off, but that he had no right to refuse to work that day because the employer's request was reasonable. The respondent initially charged the claimant with misconduct because he failed to follow instructions. In regard

to the referee's hearing, the respondent submitted a statement that the claimant did not report for work on Thanksgiving day. At the hearing held before the referee it was established that if the claimant had been requested to work on November 28, 1974, it would have been a reasonable request. As noted hereinabove, the board found that he was so requested to work, however, the record is devoid of any substantial evidence of such a request. The employer, Mr. Mooney, testified that he knew nothing about any discussion with claimant as to Thanksgiving day, except that his steward had reported to him that the claimant about a week or so before November 23, 1974, had told him (the steward) "If you have any ideas that I'm going to work Thanksgiving Day, better forget it, unless you're willing to pay me premium time." The steward testified and did not dispute the employer's version of the claimant's prior statement to him. The steward said that he "didn't say a thing" to claimant and claimant had just said that there would be no way he would work Thanksgiving without extra pay. In any event, the employer conceded at the hearing that he had never given the claimant any notice that he was to work on November 28, 1974, which would be his regular day off. The claimant denied that any request had been made for him to work on Thanksgiving day. The record conclusively establishes that the employer never personally requested the claimant to work and when the steward was asked by the referee to tell him what he had said to the claimant about Thanksgiving day, he did not testify as to any request. The employer's professional representative at the hearing chose not to elicit any further testimony from the steward. The decision of the board is not supported by substantial evidence that any request was ever made of the claimant to work November 28, 1974. Decision reversed, with costs to claimant, and matter remitted for further proceedings not inconsistent herewith. Koreman, P. J., Sweeney, Mahoney, Larkin and Herlihy, JJ., concur.